UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA BISHOP,<br><br>                Plaintiff,<br>    v.<br><br>VALLEY MEDICAL CENTER,<br><br>                Defendant. | CASE NO. C18-0885JLR<br><br>ORDER DISMISSING ACTION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff Debra Bishop's complaint against Valley Medical Center (*see* Compl. (Dkt. # 4)); Magistrate Judge Brian A. Tsuchida's order granting Ms. Bishop *in forma pauperis* ("IFP") status and recommending that the court review her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 3) at 1); and Ms. Bishop's motion to appoint counsel (MTA (Dkt. # 5)). The court first concludes that Ms. Bishop has not met her burden of establishing the circumstances that warrant appointment of counsel. Thus, the court denies her motion to appoint counsel.

ORDER - 1

Additionally, under 28 U.S.C. § 1915(e), district courts must review IFP complaints and dismiss those complaints if "at any time" the court determines that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Ms. Bishop's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

Ms. Bishop brings a civil rights suit against Valley Medical Center. (Compl. at 1.) However, her only factual assertion is that emergency room doctor, Carmin Buck, assaulted her and injured her arm and leg. (*Id.* at 7.) Ms. Bishop seeks $80,000.00 in damages. (*Id.*)

Ms. Bishop brought suit against Valley Medical Center on June 15, 2018. (*See* Compl.) On June 19, 2018, Magistrate Judge Tsuchida, in granting Ms. Bishop IFP status, recommended that the court review the complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.) Ms. Bishop subsequently filed a motion requesting appointment of counsel. (*See* MTA.) The court now addresses Ms. Bishop's motion to appoint counsel and reviews her complaint under 28 U.S.C. § 1915(e)(2)(B).

//
//
//

## III. ANALYSIS

### A. Motion to Appoint Counsel

Ms. Bishop requests that the court appoint counsel. (MTA at 1.) "In civil actions for damages, appointment of counsel should be allowed only in exceptional cases." *U.S. ex rel. Gardner v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Determining whether counsel should be appointed involves the exercise of the court's discretion. *See id.* Courts evaluate three factors in determining appointment of counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

The court concludes that Ms. Bishop's submissions do not support appointing counsel. Ms. Bishop makes only a limited showing of her efforts to secure counsel on her own. (*See* MTA at 2.) She merely asserts that she contacted "at least" three law clinics through the bar association. (*Id.*) She does not indicate when she contacted them or if she checked with other entities that provide pro bono legal services or could assist her in securing pro bono representation. (*See id.*) Moreover, Ms. Bishop makes no argument as to the likelihood of success on the merits of her claims (*see id.*), and after the court's independent review, the court cannot say that her claims are likely to succeed because of the lack of factual allegations to support Ms. Bishop's claims, *see infra* § III.B. Thus, the court denies Ms. Bishop's motion to appoint counsel.

//

//

**B.     Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard articulated by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

The court concludes that Ms. Bishop fails to state a claim. Aside from her assertion that a doctor assaulted her in the emergency room, she includes no other factual allegations detailing how that assault supports her civil rights claim. Indeed, Ms. Bishop does not specify which of her civil rights Valley Medical Center allegedly violated. (*See* Compl.) Without more, the complaint does not contain enough factual allegations to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. In other words, Ms. Bishop's complaint contains nothing more than the "unadorned the-defendant-unlawfully-harmed-me accusation" that Valley Medical Center violated her civil rights. (*See* Compl.); *Iqbal*, 556 U.S. at 678. Such accusations are insufficient. *Iqbal*, 556 U.S. at 678.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Ms. Bishop 21 days to file an amended complaint that corrects the deficiencies identified herein. If Ms. Bishop fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss her complaint without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Bishop's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within 21 days of the filing of this order. The court further DENIES Ms. Bishop's motion to appoint counsel (Dkt. # 5).

Dated this 2nd day of July, 2018.

JAMES L. ROBART
United States District Judge